IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>AARON REHA,<br><br>                    Defendant. | 4:12-CR-3015<br><br>TENTATIVE FINDINGS |

    The Court has received the presentence investigation report and addendum in this case. There are no motions for departure or variance. The defendant has objected to the application of a two-level enhancement for possession of a dangerous weapon. Filing 47.

    IT IS ORDERED:

1.     The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)     give the advisory Guidelines such weight as they deserve within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)     resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)     impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant objects to the application of U.S.S.G. § 2D1.1(b)(1), which requires a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed . . . ." *See* filing 47. The addendum to the presentence investigation report states that in a post-arrest interview, the defendant admitted to exchanging methamphetamine for a .22-caliber handgun that he said he needed for protection.

For § 2D1.1(b)(1) to apply, the government must prove two things: (1) the gun was possessed and (2) it was not clearly improbable that the weapon was connected to the drug offense. *United States v. Anderson*, 618 F.3d 873, 880 (8th Cir. 2010). To prove that the firearm was "possessed," the government need not prove ownership of the weapon, nor is it necessary that an individual be observed using the weapon. The government need not show that the defendant used or even touched a weapon. *Id.* at 881. Actual or constructive possession is sufficient. *Id.* at 880. And the government can prove it is "not clearly improbable" that the weapon was connected with the offense by showing that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant. *Id.* at 881. The enhancement applies if the weapon was present during "relevant conduct," as defined by U.S.S.G. § 1B1.3(a)(2), not merely during the offense of conviction. *United States v. Savage*, 414 F.3d 964, 966 (8th Cir. 2005).

If the evidence at sentencing supports the facts set forth in the presentence investigation report and addendum, it is likely that the § 2D1.1(b)(1) enhancement will be found to apply. "This Guidelines enhancement creates a very low bar for the government to hurdle[,]" *Anderson*, 618 F.3d at 882, and it is well established that trading drugs for a firearm warrants the enhancement. *United States v. Martinez*, 557 F.3d 597, 600 (8th Cir. 2009); *United States v. Rogers*, 150 F.3d 851, 857-58 (8th Cir. 1998). Nonetheless, it is the government's burden at sentencing to show by a preponderance of the evidence that the

enhancement applies. *Savage*, 414 F.3d at 966; *Rogers*, 150 F.3d at 857. Therefore, the Court will resolve the defendant's objection at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 25th day of January, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge